# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

---

VICTOR LUKIC,

        **Plaintiff,**

        v.                              **Case No. 05-C-0402**

KOHLER CO.,

        **Defendant.**

---

## DECISION AND ORDER

On November 17, 2005, I permitted defendant Kohler Co. to amend its complaint to add new counterclaims, including one for breach of contract and misappropriation of trade secrets. Plaintiff Victor Lukic contends that he was prejudiced by the amendment, as he did not have adequate time to complete discovery on defendant's counterclaims prior to the close of discovery and requests that I reconsider my order. Alternatively, plaintiff requests that the discovery deadlines be extended to permit him to engage in discovery on defendant's amended claims. Additionally before me is defendant's motion for protective order and to quash the subpoena for the deposition of Herbert Kohler. I will address each motion herein.

## I. MOTION FOR RECONSIDERATION

An order permitting defendant to add counterclaims is not a final order. As such it is subject to revision if a court is convinced that it mistakenly decided a question or if it concludes that it decided a question outside the adversarial issues presented by the parties. Agostini v. Felton, 521 U.S. 203, 236 (1997); see also Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

Defendant brought a motion to amend its answer and add counterclaims pursuant to Fed. R. Civ. P. 13(f) and Fed. R. Civ. P. 15. Pursuant to Rule 13(f), I may permit parties to add counterclaims by amendment "when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires." "Generally, courts have been quite liberal about granting leave to amend . . . [and the] . . . discovery of new facts upon which counterclaims could be based has been deemed a sufficient excuse for the failure to assert the claims in an earlier pleading." 6 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1430 ( 2nd e. 1990) (citing 2001 Inc., v. Novaglas Corp., 39 F.R.D. 649 (S.D.N.Y. 1973)). Similarly, Rule 15(a) allows parties to amend their pleadings and provides that this leave "shall be freely given when justice requires." Courts have interpreted these rules liberally, in furtherance of the goal of the Federal Rules to resolve disputes on the merits and in a single judicial proceeding whenever possible. See Foman v. Davis, 371 U.S. 178, 181-82 (1962).

In defendant's brief in support of its motion to amend, defendant asserts that it uncovered the grounds for its amended counterclaims claims during the course of discovery shortly before it filed its motion. Further, defendant's counterclaims arise out of the same set of facts upon which plaintiff bases his complaint, and resolution of the issues in one judicial proceeding promotes judicial efficiency. Although plaintiff contends that defendant could have uncovered this information at an earlier date, it does not appear that defendant engaged in dilatory tactics or sought to add the claims at a late date for an improper purpose. Moreover, although plaintiff alleges that he was prejudiced by the late filing, an extended discovery period will provide him sufficient time to

investigate the claims and respond to the allegations by filing his own motion. Given my resolution of the above issues, I will deny defendant's pending motion for summary judgment and permit it to refile the motion after completion of discovery on the amended counterclaims.

## II. MOTION FOR PROTECTIVE ORDER

Defendant seeks a protective order to prohibit plaintiff from deposing Herbert V. Kohler, Jr., president and chairman of defendant Kohler Co. Generally, parties are entitled to broad discovery. Pursuant to Rule 26(b)(1), Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery, or to the claim or defense of any other party ···" The test for relevance "in the discovery area is an extremely broad one." EEOC v. Klockner H & K Machs., 168 F.R.D. 233, 235 (E.D. Wis.1996) (quotations omitted). Relevance in the discovery context means that the information sought is relevant to the subject matter of the action. 8 Wright & Miller, supra § 2008 (1994) (citing In re Folding Carton Antitrust Litigation, 76 F.R.D 420, 423 (N. D. Ill. 1977)).

Applying this liberal standard, I believe the plaintiff is entitled to depose Herbert Kohler. As plaintiff notes, he was a high level employee within the Kohler organization and the deposition testimony of other Kohler employees indicates that Herbert Kohler played at least some role in his hiring and termination. Thus, his testimony is potentially relevant to the subject matter of the action. There is no indication that plaintiff desires to depose Herbert Kohler for an inappropriate purpose.

3

## III. CONCLUSION

Therefore,

**IT IS ORDERED THAT** plaintiff's motion for reconsideration (Docket # 46) is **GRANTED IN PART AND DENIED IN PART** as described above.

**IT IS FURTHER ORDERED** that:

       1.     All requests for discovery shall be served by a date sufficiently early so that all discovery in this case can be completed no later than **October 30, 2006**.

       2.     On or before **November 30, 2006**, all dispositive motions shall be served and filed.

**IT IS FURTHER ORDERED** that defendant's motion to quash the subpoena and for a protective order for the deposition of Herbert Kohler (Docket # 32) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment (Docket # 41) is denied without prejudice.

Dated at Milwaukee, Wisconsin, this 29 day of July, 2006.


/s_____
LYNN ADELMAN
District Judge

4